BRIAN T. DUNN, ESQ. (SBN 176502)
Email: bdunn@cochranfirm.com
MEGAN R. GYONGYOS, ESQ. (SBN 285476)
Email: mgyongyos@cochranfirm.com
THE COCHRAN FIRM CALIFORNIA
4929 Wilshire Boulevard, Suite 1010
Los Angeles, California 90010-3856
Telephone: (323) 435-8205
Facsimile: (323) 282-5280

Attorneys For Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMAR SMITH, individually and as Successor in Interest to ANTHONIE SMITH, deceased,<br><br>              Plaintiff,<br><br>v.<br><br>COUNTY OF RIVERSIDE, a municipal entity, and DOES 1 through 10, inclusive,<br><br>              Defendants. | **CASE NO.: 5:16-CV-00227**<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **Violations of Civil Rights (42 U.S.C. § 1983) (Based on Unreasonable Use of Deadly Force)**<br><br>2. **Wrongful Death (Cal. Government Code §§ 815.2(a), 820(a); Cal. Civil Code § 43) (Based on Battery)**<br><br>3. **Wrongful Death (Cal. Government Code §§ 815.2(a), 820(a)) (Based on Negligence)**<br><br>**<u>DEMAND FOR JURY TRIAL</u>** |

## JURISDICTION AND VENUE

1. Jurisdiction is vested in this court under 28 U.S.C. § 1343(a)(3)-(4) for violations of the 1871 Civil Rights Enforcement Act, as amended, including 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331 and 1367(a).

2. Venue is proper in the Central District of California under 28 U.S.C. § 1391(a)-(b).

## PARTIES

3. At all relevant times herein, Plaintiff DEMAR SMITH (hereinafter "Plaintiff") was and is a resident of the County of San Bernardino and State of California. Plaintiff is the surviving biological father of decedent ANTHONIE SMITH.

4. Plaintiff is a Successor in Interest to decedent ANTHONIE SMITH, and is entitled to bring certain causes of action herein alleged pursuant to § 377.30 of the California Code of Civil Procedure. (Attached herein is a declaration designating Plaintiff DEMAR SMITH as a Successor in Interest to ANTHONIE SMITH, and a true and correct copy of the death certificate for ANTHONIE SMITH, furnished herewith pursuant to § 377.32 of the California Code of Civil Procedure.)

5. Defendant COUNTY OF RIVERSIDE (hereinafter "COUNTY") is, and at all relevant times mentioned herein was, a municipal entity or political subdivision of the United States, organized and existing under the laws of the State of California.

6. Plaintiff is informed, believes, and thereon alleges that the heretofore unknown Defendant DOE Deputies are, and at all relevant times mentioned herein were, residents of the County of Riverside and State of California. Further, at all times relevant to the acts and omissions herein alleged, said DOE Deputies were sheriff's deputies employed by the Defendant COUNTY and the Riverside County Sheriff's Department, and were acting under color of law and in the course and scope of their employment with the COUNTY and the Riverside County Sheriff's Department.

///

7. On or around August 6, 2015, a timely Claim for Damages was submitted to the County of Riverside in substantial compliance with California Government Code § 910, et seq. As of the date of the filing of this Complaint, said Claim has been denied.

8. Plaintiff is unaware of the true names and capacities of those Defendants named herein as DOE Defendants. Plaintiff will amend this Complaint to allege said Defendants' true names and capacities when that information becomes known to him. Plaintiff is informed, believes, and thereon alleges that these DOE Defendants are legally responsible and liable for the incident, injuries, and damages hereinafter set forth, and that each of said Defendants proximately caused the injuries and damages by reason of negligent, careless, deliberately indifferent, intentional, willful, or wanton misconduct, including the negligent, careless, deliberately indifferent, intentional, willful, or wanton misconduct in creating and otherwise causing the incidents, conditions, and circumstances hereinafter set forth, or by reason of direct or imputed negligence or vicarious fault or breach of duty arising out of the matters herein alleged. Plaintiff will seek leave to amend this Complaint to set forth said true names and identities of the unknown named DOE Defendants when they are ascertained.

9. Each of the individual Defendants sued herein is sued both in his or her individual and personal capacity, as well as in his or her official capacity.

10. Plaintiff is informed, believes, and thereon alleges that at all times herein mentioned, each of the Defendants was the agent and/or employee and/or co-conspirator of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the scope of such agency, employment, and/or conspiracy and with the permission and consent of other co-Defendants.

**FACTS COMMON TO ALL COUNTS**

11. This Complaint concerns a fatal deputy-involved shooting incident which occurred during the early morning hours of Thursday, July 16, 2015, at or around the intersection of Perris Boulevard and Sunnymead Boulevard in the City of Moreno

Valley, County of Riverside, and State of California. At approximately 6:00 a.m. on that date, Plaintiff's decedent, ANTHONIE SMITH, was standing and/or walking at or around the intersection of Perris Boulevard and Sunnymead Boulevard when several heretofore unknown Defendant DOE Deputies, while acting under color of law and in the course and scope of their employment with the Defendant COUNTY and the Riverside County Sheriff's Department, negligently assessed the circumstances presented to them, and then violently confronted ANTHONIE SMITH without having probable cause or reasonable suspicion to believe that ANTHONIE SMITH had committed any crime, or would commit a crime in the future.

12. Without warning, the Defendant DOE Deputies proceeded to assault and batter ANTHONIE SMITH by acts which included, but were not limited to, repeatedly and unjustifiably discharging their department-issued firearms at the person of ANTHONIE SMITH, inflicting several gunshot wounds, which proved to be fatal. Following the shooting, the involved deputies denied medical care to ANTHONIE SMITH in a manner that demonstrated deliberate indifference to his constitutional rights. After surviving for an appreciable period of time following the shooting, ANTHONIE SMITH died as a direct and proximate result of the gunshot wounds inflicted upon his person by the Defendant DOE Deputies.

13. At no time during the course of these events did ANTHONIE SMITH pose any reasonable or credible threat of violence to the shooting deputies, nor did he do anything to justify the force used against him, and the same was deadly, excessive, unnecessary, and unlawful. Both prior to and during the time in which he was fatally shot, ANTHONIE SMITH posed no reasonable threat of violence to the heretofore unknown Defendant DOE Deputies who shot him, nor to any other individual. Both prior to and during the time in which he was shot dead, ANTHONIE SMITH made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a reasonable sheriff's deputy that he had the will, or the ability to inflict

substantial bodily harm against any individual. Both prior to and during the time in which the Defendant DOE Deputies shot and killed ANTHONIE SMITH, the DOE Deputies, who fired, were not faced with any circumstances which would have led a reasonable sheriff's deputy to believe that ANTHONIE SMITH posed the risk of death, or serious bodily injury to any person.

## FOR THE FIRST CAUSE OF ACTION

**(By Plaintiff DEMAR SMITH, as Successor in Interest to ANTHONIE SMITH, Deceased, Against the Heretofore Unknown Defendant DOE Deputies for Violations of Civil Rights [42 U.S.C. § 1983])**

**(Based on Unreasonable Use of Deadly Force)**

14. Plaintiff restates and incorporates by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

15. This cause of action is brought on behalf of decedent ANTHONIE SMITH, by and through his Successor in Interest, Plaintiff DEMAR SMITH, who would, but for his death, be entitled to bring this cause of action, and is set forth herein to redress the deprivation, under color of statute, ordinance, regulation, policy, custom, practice, and/or usage, of rights, privileges, and/or immunities secured to ANTHONIE SMITH by the Fourth Amendment to the Constitution of the United States, including, but not limited to, the right to be free from unreasonable governmental seizures of his person.

16. Plaintiff is informed and believes, and thereupon alleges, that at all times mentioned herein, the Defendant COUNTY employed the heretofore unknown Defendant DOE Deputies. The COUNTY provided the DOE Deputies with official badges and identification cards which designated and described the DOE Deputies as employees of the COUNTY and the Riverside County Sheriff's Department.

17. At all times relevant to the acts and omissions herein alleged, the heretofore unknown Defendant DOE Deputies were employed by the Defendant COUNTY and the Riverside County Sheriff's Department, and were acting under color of law and in the

THE COCHRAN FIRM CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

course and scope of their employment with the COUNTY and the Riverside County Sheriff's Department.

18. At approximately 6:00 a.m. on July 16, 2015, Plaintiff's decedent, ANTHONIE SMITH, was standing and/or walking at or around the intersection of Perris Boulevard and Sunnymead Boulevard when several heretofore unknown Defendant DOE Deputies, while acting under color of law and in the course and scope of their employment with the Defendant COUNTY and the Riverside County Sheriff's Department, violently confronted ANTHONIE SMITH without having probable cause or reasonable suspicion to believe that ANTHONIE SMITH had committed any crime, or would commit a crime in the future.

19. Without warning, the Defendant DOE Deputies proceeded to assault and batter ANTHONIE SMITH by acts which included, but were not limited to, repeatedly and unjustifiably discharging their department-issued firearms at the person of ANTHONIE SMITH, inflicting several gunshot wounds, which proved to be fatal. Following the shooting, the involved deputies denied medical care to ANTHONIE SMITH in a manner that demonstrated deliberate indifference to his constitutional rights. After surviving for an appreciable period of time following the shooting, ANTHONIE SMITH died as a direct and proximate result of the gunshot wounds inflicted upon his person by the Defendant DOE Deputies.

20. At no time during the course of these events did ANTHONIE SMITH pose any reasonable or credible threat of violence to the shooting deputies, nor did he do anything to justify the force used against him, and the same was deadly, excessive, unnecessary, and unlawful. Both prior to and during the time in which he was fatally shot, ANTHONIE SMITH posed no reasonable threat of violence to the heretofore unknown Defendant DOE Deputies who shot him, nor to any other individual. Both prior to and during the time in which he was shot dead, ANTHONIE SMITH made no aggressive movements, no furtive gestures, and no physical movements which would

suggest to a reasonable sheriff's deputy that he had the will, or the ability to inflict substantial bodily harm against any individual. Both prior to and during the time in which the Defendant DOE Deputies shot and killed ANTHONIE SMITH, the DOE Deputies, who fired, were not faced with any circumstances which would have led a reasonable sheriff's deputy to believe that ANTHONIE SMITH posed the risk of death, or serious bodily injury to any person.

21. At all times mentioned herein, the Defendant DOE Deputies acted under color and pretense of law, and under color of the statutes, ordinances, regulations, policies, practices, customs, and/or usages of the State of California and the Defendant COUNTY. The Defendant DOE Deputies deprived Plaintiff's decedent, ANTHONIE SMITH, of the rights, privileges, and/or immunities secured to him by the Fourth Amendment to the Constitution of the United States and the laws of the United States, including, but not limited to, the right to be free from unreasonable governmental seizures of his person.

22. Plaintiff's decedent, ANTHONIE SMITH, had the right to be free from unreasonable governmental seizures of his person, a right which was secured to ANTHONIE SMITH by the provisions of the Fourth Amendment to the United States Constitution, and by 42 U.S.C. § 1983. All of these interests were implicated by the wrongful conduct of the Defendant DOE Deputies, which proximately caused the death of ANTHONIE SMITH.

23. Plaintiff is informed, believes, and thereupon alleges, that in unreasonably seizing the person of Plaintiff's decedent, ANTHONIE SMITH, as described in the foregoing paragraphs of this Complaint, the Defendant DOE Deputies acted outside the scope of their jurisdiction and without authorization of law, and acted willfully, maliciously, knowingly, with reckless disregard and callous indifference to the known consequences of their acts and omissions, and purposefully with the intent to deprive ANTHONIE SMITH of his federally protected rights and privileges, and did in fact

THE COCHRAN FIRM CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

violate the aforementioned rights and privileges, thereby warranting punitive and exemplary damages against the Defendant DOE Deputies in an amount to be proven at the trial of this matter.

24. As a direct and proximate result of the wrongful, intentional, and malicious acts and omissions of the Defendant DOE Deputies, Plaintiff's decedent, ANTHONIE SMITH, suffered great mental and physical pain, suffering, anguish, fright, nervousness, anxiety, grief, shock, humiliation, indignity, embarrassment, and apprehension prior to his death, all to his damage in a sum to be determined at trial.

25. As a further proximate result of the wrongful, intentional, and malicious acts and omissions of the Defendant DOE Deputies, Plaintiff's decedent, ANTHONIE SMITH, was required to employ, and did in fact employ health care providers and medical practitioners to examine, treat, and care for him, and incurred expenses for emergent medical services and other medical treatment and care prior to his death in an amount according to proof at trial.

26. Plaintiff is entitled to and hereby demands costs, attorneys' fees, and expenses pursuant to 42 U.S.C. § 1988.

## FOR THE SECOND CAUSE OF ACTION

**(By Plaintiff DEMAR SMITH Against All Defendants for Wrongful Death [Cal. Government Code §§ 815.2(a), 820(a); Cal. Civil Code § 43]**

**(Based on Battery)**

27. Plaintiff restates and incorporates by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

28. All claims asserted herein against the Defendant COUNTY are presented pursuant to the COUNTY's vicarious liability for acts and omissions of municipal employees undertaken in the course and scope of their employment pursuant to California Government Code §§ 815.2(a) and 820(a).

///

29. At approximately 6:00 a.m. on July 16, 2015, Plaintiff's decedent, ANTHONIE SMITH, was standing and/or walking at or around the intersection of Perris Boulevard and Sunnymead Boulevard when several heretofore unknown Defendant DOE Deputies, while acting under color of law and in the course and scope of their employment with the Defendant COUNTY and the Riverside County Sheriff's Department, violently confronted ANTHONIE SMITH without having probable cause or reasonable suspicion to believe that ANTHONIE SMITH had committed any crime, or would commit a crime in the future.

30. Without warning, the Defendant DOE Deputies proceeded to assault and batter ANTHONIE SMITH by acts which included, but were not limited to, repeatedly and unjustifiably discharging their department-issued firearms at the person of ANTHONIE SMITH, inflicting several gunshot wounds, which proved to be fatal.

31. As a direct and proximate result of the above-mentioned conduct of the Defendant DOE Deputies, and each of them, ANTHONIE SMITH was shot on July 16, 2015. After surviving for an appreciable period of time following the shooting, ANTHONIE SMITH died as a direct and proximate result of the gunshot wounds inflicted upon his person by the Defendant DOE Deputies.

32. At no time during the course of these events did ANTHONIE SMITH pose any reasonable or credible threat of violence to the shooting deputies, nor did he do anything to justify the force used against him, and the same was deadly, excessive, unnecessary, and unlawful. Both prior to and during the time in which he was fatally shot, ANTHONIE SMITH posed no reasonable threat of violence to the heretofore unknown Defendant DOE Deputies who shot him, nor to any other individual. Both prior to and during the time in which he was shot dead, ANTHONIE SMITH made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a reasonable sheriff's deputy that he had the will, or the ability to inflict substantial bodily harm against any individual. Both prior to and during the time in

which the Defendant DOE Deputies shot and killed ANTHONIE SMITH, the DOE Deputies, who fired, were not faced with any circumstances which would have led a reasonable sheriff's deputy to believe that ANTHONIE SMITH posed the risk of death, or serious bodily injury to any person.

33. Plaintiff is informed and believes, and thereupon alleges, that in shooting decedent ANTHONIE SMITH, as described in the foregoing paragraphs of this Complaint, the Defendant DOE Deputies acted outside the scope of their jurisdiction and without authorization of law, and acted willfully, maliciously, knowingly, with reckless disregard and callous indifference to the known consequences of their acts and omissions, and purposefully with the intent to deprive ANTHONIE SMITH of his protected rights and privileges, and did in fact violate the aforementioned rights and privileges, thereby warranting punitive and exemplary damages against the Defendant DOE Deputies in an amount to be proven at the trial of this matter.

34. As a direct and proximate result of the death of decedent ANTHONIE SMITH and the above-described conduct of the Defendant DOE Deputies, and each of them, ANTHONIE SMITH's heir, the Plaintiff herein, has sustained substantial economic damages and non-economic damages resulting from the loss of the love, companionship, comfort, care, assistance, protection, affection, society, moral support, training, guidance, services, and support of ANTHONIE SMITH in an amount according to proof at trial.

35. As a further proximate result of the above-described conduct of the Defendant DOE Deputies, and each of them, and the ensuing death of ANTHONIE SMITH, Plaintiff has incurred funeral and burial expenses in an amount according to proof at trial.

///
///
///

# FOR THE THIRD CAUSE OF ACTION

## (By Plaintiff DEMAR SMITH Against All Defendants for Wrongful Death [Cal. Government Code §§ 815.2(a), 820(a)]

### (Based on Negligence)

36. Plaintiff restates and incorporates by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

37. All claims asserted herein against the Defendant COUNTY are presented pursuant to the COUNTY's vicarious liability for acts and omissions of municipal employees undertaken in the course and scope of their employment pursuant to California Government Code §§ 815.2(a) and 820(a).

38. At approximately 6:00 a.m. on July 16, 2015, Plaintiff's decedent, ANTHONIE SMITH, was standing and/or walking at or around the intersection of Perris Boulevard and Sunnymead Boulevard when several heretofore unknown Defendant DOE Deputies, while acting under color of law and in the course and scope of their employment with the Defendant COUNTY and the Riverside County Sheriff's Department, negligently assessed the circumstances presented to them, and then violently confronted ANTHONIE SMITH.

39. Without warning, the Defendant DOE Deputies proceeded to negligently discharge their firearms at the person of ANTHONIE SMITH, inflicting several gunshot wounds to ANTHONIE SMITH's person. After surviving for an appreciable period of time following the shooting, ANTHONIE SMITH died as a direct and proximate result of the gunshot wounds negligently inflicted upon his person by the Defendant DOE Deputies.

40. At no time during the course of these events did ANTHONIE SMITH pose any reasonable or credible threat of violence to the shooting deputies, nor did he do anything to justify the force used against him, and the same was deadly, excessive, unnecessary, and unlawful. Both prior to and during the time in which he was fatally

shot, ANTHONIE SMITH posed no reasonable threat of violence to the heretofore unknown Defendant DOE Deputies who shot him, nor to any other individual. Both prior to and during the time in which he was shot dead, ANTHONIE SMITH made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a reasonable sheriff's deputy that he had the will, or the ability to inflict substantial bodily harm against any individual. Both prior to and during the time in which the Defendant DOE Deputies shot and killed ANTHONIE SMITH, the DOE Deputies, who fired, were not faced with any circumstances which would have led a reasonable sheriff's deputy to believe that ANTHONIE SMITH posed the risk of death, or serious bodily injury to any person.

41.     Plaintiff is informed and believes, and thereupon alleges, that on and before July 16, 2015, the Defendant DOE Deputies had a duty to exercise the reasonable and ordinary care which would be expected of similarly situated peace officers in the use of deadly force, and had a duty to exercise the reasonable and ordinary care which would be expected of similarly situated peace officers in the execution of police tactics and police procedures in approaching and/or attempting to detain non-dangerous mentally ill suspects. Notwithstanding each of these duties, the Defendant DOE Deputies failed to exercise reasonable and ordinary care in committing the acts alleged herein, by actions and inactions which include, but are not limited to, negligently failing to determine the fact that ANTHONIE SMITH posed no threat of physical harm to any person when he was shot and killed, negligently inflicting physical injury upon ANTHONIE SMITH, as described herein, and negligently employing deadly force against ANTHONIE SMITH when the same was unnecessary and unlawful. All of these negligent acts proximately caused ANTHONIE SMITH's death on July 16, 2015.

42.     As a proximate result of all of the above-mentioned conduct of the Defendants, and each of them, ANTHONIE SMITH was shot and killed on July 16, 2015.

43. As a direct and proximate result of the death of decedent ANTHONIE SMITH and the above-described conduct of the Defendants, and each of them, ANTHONIE SMITH's heir, the Plaintiff herein, has sustained substantial economic and non-economic damages resulting from the loss of the love, companionship, comfort, care, assistance, protection, affection, society, moral support, training, guidance, services, and support of ANTHONIE SMITH in an amount according to proof at trial.

44. As a further proximate result of the above-described conduct of the Defendants, and each of them, and the ensuing death of ANTHONIE SMITH, Plaintiff has incurred funeral and burial expenses in an amount according to proof at trial.

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

1. For funeral and burial related expenses according to proof at trial;
2. For general damages in an amount according to proof at trial;
3. For medical and related expenses according to proof at trial;
4. For costs of suit incurred herein;
5. For attorneys' fees incurred herein, as provided by law;
6. For punitive damages against the individual Defendants in their individual capacities in an amount according to proof at trial; and
7. For such other and further relief as the Court deems just and proper.

DATED: February 5, 2016        Respectfully submitted,

**THE COCHRAN FIRM CALIFORNIA**

By: /s/ Brian T. Dunn
    BRIAN T. DUNN
    MEGAN R. GYONGYOS
    Attorneys for Plaintiff, DEMAR SMITH

## JURY DEMAND

Plaintiff hereby demands that a jury be empaneled for the trial of this matter.

DATED: February 5, 2016              Respectfully submitted,

**THE COCHRAN FIRM CALIFORNIA**


By: /s/ Brian T. Dunn
    BRIAN T. DUNN
    MEGAN R. GYONGYOS
    Attorneys for Plaintiff, DEMAR SMITH

THE COCHRAN FIRM CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

# DECLARATION OF DEMAR SMITH

1. The decedent's name who is the subject of this action for civil rights violations and wrongful death is ANTHONIE SMITH.

2. On July 16, 2015, ANTHONIE SMITH was killed in a deputy-involved shooting incident that occurred at or around the intersection of Perris Boulevard and Sunnymead Boulevard in the City of Moreno Valley, County of Riverside, and State of California.

3. No proceeding is now pending in California for the administration of the decedent's estate.

4. I am the decedent's successor in interest (as defined in Section 377.11 of the California Code of Civil Procedure) with respect to the decedent's interest in the within action.

5. No other person has a superior right to commence the action or proceeding or to be substituted for the decedent in the pending action.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED: 10·30·15

DEMAR SMITH, declarant

-1-

DECLARATION OF DEMAR SMITH

# STATE OF CALIFORNIA
## CERTIFICATION OF VITAL RECORD

# COUNTY OF RIVERSIDE
### RIVERSIDE, CALIFORNIA

**CERTIFICATE OF DEATH**

State File Number: 3052015146478
Local Registration Number: 3201533008674

**Decedent:** ANTHONIE DESHAWN SMITH
**Date of Birth:** /1990
**Age:** 25
**Sex:** M
**Birth State:** CA
**SSN:** ...1170
**Ever in U.S. Armed Forces:** No
**Marital Status:** NEVER MARRIED
**Date of Death:** 07/16/2015
**Hour:** 0625
**Education:** 11
**Race:** AFRICAN AMERICAN
**Usual Occupation:** NEVER WORKED

**Residence:** MORENO VALLEY, RIVERSIDE, 25 years in county, CA

**Informant:** SYBIL DARCIA DAVIS, MOTHER — MORENO VALLEY, CA

**Father:** DEMAR SMITH — CA
**Mother:** SYBIL DARCIA DAVIS — MO

**Disposition Date:** 07/30/2015
**Place of Disposition:** RESIDENCE OF SYBIL DAVIS, MORENO VALLEY, CA
**Type of Disposition:** CR/RES
**Signature of Embalmer:** NOT EMBALMED
**Funeral Establishment:** MILLER-JONES MORTUARY AND CREMATORY
**License Number:** FD1540
**Local Registrar:** CAMERON KAISER, MD
**Date:** 07/29/2015

**Place of Death:** ROADWAY — Other
**County:** RIVERSIDE
**Location:** NEAR 24991 SUNNYMEAD BLVD
**City:** MORENO VALLEY

**Cause of Death:** PENDING
Coroner case #: 2015-07303
Biopsy Performed: NO
Autopsy Performed: YES
Used in determining cause: YES

**Manner of Death:** Pending Investigation

**Coroner:** RACHEL BAKER, DEPUTY CORONER
**Date:** 07/28/2015

---



**CERTIFIED COPY OF VITAL RECORDS**
STATE OF CALIFORNIA, COUNTY OF RIVERSIDE

*0345528003*

This is a true and exact reproduction of the document officially registered and placed on file in the office of the County of Riverside Assessor-County Clerk-Recorder.

**DATE ISSUED:** NOV 02 2015



PETER ALDANA
ASSESSOR-COUNTY CLERK-RECORDER
RIVERSIDE COUNTY, CALIFORNIA