Eugene P. Ramirez, Esq. (State Bar No. 134865)
  *epr@manningllp.com*
Angela M. Powell, Esq. (State Bar No. 191876 )
  *tms@manningllp.com*
Lucas E. Rowe (State Bar No. 298697)
  *ler@manningllp.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 South Figueroa Street
15th Floor at 801 Tower
Los Angeles, CA 90017
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendant,
COUNTY OF RIVERSIDE

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMAR SMITH, an individual and as Successor in Interest to Anthonie Smith, deceased,<br><br>        Plaintiff,<br><br>  vs.<br><br><br>COUNTY OF RIVERSIDE, a municipality; and DOES 1 through 10, inclusive,<br><br><br>        defendant. | **Case No.:** 5:16-cv-00227-JGB (KKx)<br>*[Hon. Jesus G. Bernal, District Judge;*<br>*Hon. Kenly Kiya Kato, Magistrate Judge]*<br><br>**ANSWER OF DEFENDANT TO COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**<br><br><br>Complaint Filed:   February 5, 2015<br>Trial Date:   Not Yet Set |

Defendant COUNTY OF RIVERSIDE, a municipality ("Defendant") hereby answers plaintiff's Complaint for Damages filed February 5, 2015 (hereinafter, "Complaint") and defendant hereby admit, denies, and allege as follows:

## ANSWER TO PLAINTIFF'S COMPLAINT
## JURISDICTION AND VENUE

1.     Answering paragraph number 1 of plaintiff's Complaint (under the header "Jurisdiction and Venue") defendant admits this Court has jurisdiction.

2.     Answering paragraph number 2 of plaintiff's Complaint (under the header "Jurisdiction and Venue") defendant admits this Court that venue is proper.

## PARTIES

3.     Answering paragraph number 3 of plaintiff's Complaint (under the header "Parties"), at present, defendant does not have sufficient knowledge, or information or belief, to enable defendant to answer the allegations contained within such paragraph, as stated, and on those grounds denies generally and specifically each and every of the allegations contained therein.

4.     Answering paragraph number 4 of plaintiff's Complaint (under the header "Parties"), at present, defendant does not have sufficient knowledge, or information or belief, to enable defendant to answer the allegations contained within such paragraph, as stated, and on those grounds denies generally and specifically each and every of the allegations contained therein.

5.     Answering paragraph number 5 of plaintiff's Complaint (under the header "Parties") defendant admits that defendant County of Riverside (hereinafter "County") is and, at all relevant times was, a municipal entity or political subdivision of the United States, organized and existing under the laws of the State of California.

6.     Answering paragraph number 6 of plaintiff's Complaint (under the header "Parties"), as to the unnamed parties, at present, defendant does not have sufficient knowledge, information, or belief to enable defendant to answer the allegations contained within such paragraph, as stated, and on those grounds denies generally and specifically each and every of the allegations contained therein.

7.     Answering paragraph number 7 of plaintiff's Complaint (under the header "Parties"), defendant admits that a timely Claim for Damages by plaintiff was received

by the County of Riverside in substantial compliance with California Government Code section 910, et seq.  Defendant further admits that the Claim for Damages was denied.

8.    Answering paragraph number 8 of plaintiff's Complaint (under the header "Parties"), defendant does not presently have sufficient knowledge, information, or belief to enable defendant to answer the allegations contained within such paragraph, as stated, and on those grounds denies generally and specifically each and every of the allegations contained therein.

9.    Answering paragraph number 9 of plaintiff's Complaint (under the header "Parties"), defendant does not presently have sufficient knowledge, information, or belief to enable defendant to answer the allegations contained within such paragraph, as stated, and on those grounds denies generally and specifically each and every of the allegations contained therein.

10.    Answering paragraph number 10 of plaintiff's Complaint (under the header "Parties"), defendant denies that the County was the agent of any defendant deputy, and defendant denies that any defendant deputies were agents of each other or of any of the individual non-entity defendant. As to the remaining allegations of this paragraph, defendant does not presently have sufficient knowledge, information, or belief to enable defendant to answer the allegations contained within such paragraph, as stated, and on those grounds denies generally and specifically each and every of the allegations contained therein.

**FACTS COMMON TO ALL COUNTS**

11.    Answering paragraph number 11 of plaintiff's Complaint (under the header "Facts Common to All Counts"), defendant denies generally and specifically each and every of the remaining allegations contained therein – and defendant denies all liability and/or wrongdoing.

12.    Answering paragraph number 12 of plaintiff's Complaint (under the

header "Facts Common to All Counts"), defendant denies generally and specifically each and every of the allegations contained therein – and defendant denies all liability and/or wrongdoing.

13.     Answering paragraph number 13 of plaintiff's Complaint (under the header "Facts Common to All Counts"), defendant denies generally and specifically each and every of the allegations contained therein – and defendant denies all liability and/or wrongdoing.

## FIRST CAUSE OF ACTION

14.     Answering paragraph number 14 of plaintiff's Complaint (under the header "For the First Cause of Action"), this paragraph re-alleges and incorporates plaintiff's allegations in the preceding paragraphs.  Accordingly, in response to this paragraph, defendant incorporates by reference here defendant's answers to each of the corresponding and aforementioned allegations/paragraphs of plaintiff's Complaint.  To the extent that this paragraph alleges specific facts not otherwise incorporated herein above, defendant does not presently have sufficient knowledge, information, or belief to enable defendant to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein.

15.     Answering paragraph number 15 of plaintiff's Complaint (under the header "For the First Cause of Action), defendant denies generally and specifically each and every of the allegations contained therein – and defendant denies all liability and/or wrongdoing.

16.     Answering paragraph number 16 of plaintiff's Complaint (under the header "For the First Cause of Action"), defendant does not presently have sufficient knowledge, information, or belief to enable defendant to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein.

17.     Answering paragraph number 17 of plaintiff's Complaint (under the

header "For the First Cause of Action"), defendant denies all of the allegations and contentions of this paragraph – and defendant denies all liability and/or wrongdoing.

18.     Answering paragraph number 18 of plaintiff's Complaint (under the header "For the First Cause of Action") defendant denies generally and specifically each and every of the remaining allegations contained therein – and defendant denies all liability and/or wrongdoing.

19.     Answering paragraph number 19 of plaintiff's Complaint (under the header "For the First Cause of Action"), defendant denies generally and specifically each and every of the remaining allegations contained therein – and defendant denies all liability and/or wrongdoing.

20.     Answering paragraph number 20 of plaintiff's Complaint (under the header "For the First Cause of Action"), defendant denies generally and specifically each and every of the remaining allegations contained therein – and defendant denies all liability and/or wrongdoing.

21.     Answering paragraph number 21 of plaintiff's Complaint (under the header "For the First Cause of Action"), defendant denies generally and specifically each and every of the allegations contained therein – and defendant denies all liability and/or wrongdoing.

22.     Answering paragraph number 22 of plaintiff's Complaint (under the header "For the First Cause of Action"), defendant denies all of the allegations and contentions of this paragraph – and defendant denies all liability and/or wrongdoing.

23.     Answering paragraph number 23 of plaintiff's Complaint (under the header "For the First Cause of Action"), defendant denies all of the allegations and contentions of this paragraph – and defendant denies all liability and/or wrongdoing. Defendant denies that it's actions were willful, wanton, and malicious with reckless disregard to plaintiff's rights.  Defendant denies that plaintiff is entitled to general, special and/or punitive damages.

24.     Answering paragraph number 24 of plaintiff's Complaint (under the header "For the First Cause of Action"), defendant denies all of the allegations and contentions of this paragraph – and defendant denies all liability and/or wrongdoing. Defendant denies that it's actions were willful, wanton and malicious with reckless disregard to plaintiff's rights.  Defendant denies that plaintiff is entitled to general, special and/or punitive damages.

25.     Answering paragraph number 25 of plaintiff's Complaint (under the header "For the First Cause of Action, defendant denies all of the allegations and contentions of this paragraph – and defendant denies all liability and/or wrongdoing. Defendant denies that it's actions were willful, wanton and malicious with reckless disregard to plaintiff's rights.  Defendant denies that plaintiff is entitled to general, special and/or punitive damages.

26.     Answering paragraph number 26 of plaintiff's Complaint (under the header "For the First Cause of Action"), defendant denies all of the allegations and contentions of this paragraph – and defendant denies all liability and/or wrongdoing. Defendant denies that it's actions were willful, wanton and malicious with reckless disregard to plaintiff's rights.  Defendant denies that plaintiff is entitled to general, special, punitive damages and/or attorney's fees.

## SECOND CAUSE OF ACTION

27.     Answering paragraph number 27 of plaintiff's Complaint (under the header "For the Second Cause of Action"), this paragraph re-alleges and incorporates plaintiff's allegations in the preceding paragraphs.  Accordingly, in response to this paragraph, defendant incorporate by reference here defendant' answers to each of the corresponding and aforementioned allegations/paragraphs of plaintiff's Complaint.  To the extent that this paragraph alleges specific facts not otherwise incorporated herein above, at present, defendant does not have sufficient knowledge, or information or belief, to enable defendant to answer the remaining allegations contained within such

paragraph, and on those grounds denies generally and specifically each and every of the remaining allegations contained therein.

28.   Answering paragraph number 28 of plaintiff's Complaint (under the header "For the First Cause of Action"), defendant denies generally and specifically each and every of the allegations contained therein – and defendant denies all liability and/or wrongdoing.

29.   Answering paragraph number 29 of plaintiff's Complaint (under the header "For the Second Cause of Action"), defendant denies generally and specifically each and every of the remaining allegations contained therein – and defendant denies all liability and/or wrongdoing.

30.   Answering paragraph number 30 of plaintiff's Complaint (under the header "For the Second Cause of Action"), defendant denies all of the allegations and contentions of this paragraph – and defendant denies all liability and/or wrongdoing.

31.   Answering paragraph number 31 of plaintiff's Complaint (under the header "For the Second Cause of Action"), defendant denies all of the allegations and contentions of this paragraph – and defendant denies all liability and/or wrongdoing.

32.   Answering paragraph number 32 of plaintiff's Complaint (under the header "For the Second Cause of Action"), defendant denies all of the allegations and contentions of this paragraph – and defendant denies all liability and/or wrongdoing.

33.   Answering paragraph number 33 of plaintiff's Complaint (under the header "For the Second Cause of Action"), defendant denies generally and specifically each and every of the allegations contained therein – and defendant denies all liability and/or wrongdoing. Defendant denies that it's actions were willful, wanton and malicious with reckless disregard to plaintiff's rights.  Defendant denies that plaintiff is entitled to general, special and/or punitive damages.

34.   Answering paragraph number 34 of plaintiff's Complaint (under the header "For the Second Cause of Action"), defendant denies generally and specifically

each and every of the allegations contained therein – and defendant denies all liability and/or wrongdoing.

35.    Answering paragraph number 35 of plaintiff's Complaint (under the header "For the Second Cause of Action"), defendant denies generally and specifically each and every of the allegations contained therein – and defendant denies all liability and/or wrongdoing.  Defendant denies that it's actions were willful, wanton and malicious with reckless disregard to plaintiff's rights.  Defendant denies that plaintiff is entitled to general, special and/or punitive damages.

## THIRD CAUSE OF ACTION

36.    Answering paragraph number 36 of plaintiff's Complaint (under the header "For the Third Cause of Action"), this paragraph re-alleges and incorporates plaintiff's allegations in the preceding paragraphs.  Accordingly, in response to this paragraph, defendant incorporate by reference here defendant' answers to each of the corresponding and aforementioned allegations/paragraphs of plaintiff's Complaint.  To the extent that this paragraph alleges specific facts not otherwise incorporated herein above, at present, defendant do not have sufficient knowledge, or information or belief, to enable defendant to answer the remaining allegations contained within such paragraph, and on those grounds denies generally and specifically each and every of the remaining allegations contained therein.

37.    Answering paragraph number 37 of plaintiff's Complaint (under the header "For the Third Cause of Action"), defendant denies generally and specifically each and every of the allegations contained therein – and defendant denies all liability and/or wrongdoing.

38.    Answering paragraph number 38 of plaintiff's Complaint (under the header "For the Third Cause of Action"), defendant denies generally and specifically each and every of the remaining allegations contained therein – and defendant denies all liability and/or wrongdoing.

39.    Answering paragraph number 39 of plaintiff's Complaint (under the

header "For the Third Cause of Action"), defendant denies all of the allegations and contentions of this paragraph – and defendant denies all liability and/or wrongdoing.

40.     Answering paragraph number 40 of plaintiff's Complaint (under the header "For the Third Cause of Action"), defendant denies all of the allegations and contentions of this paragraph – and defendant denies all liability and/or wrongdoing.

41.     Answering paragraph number 41 of plaintiff's Complaint (under the header "For the Third Cause of Action"), defendant denies all of the allegations and contentions of this paragraph – and defendant denies all liability and/or wrongdoing.

42.     Answering paragraph number 42 of plaintiff's Complaint (under the header "For the Third Cause of Action"), defendant denies all of the allegations and contentions of this paragraph – and defendant denies all liability and/or wrongdoing.

43.     Answering paragraph number 43 of plaintiff's Complaint (under the header "Parties"), defendant do not presently have sufficient knowledge, information, or belief to enable defendant to answer the allegations contained within such paragraph, as stated, and on those grounds denies generally and specifically each and every of the allegations contained therein.  Defendant denies all liability and/or wrongdoing.  Defendant denies that it's actions were willful, wanton and malicious with reckless disregard to plaintiff's rights.  Defendant denies that plaintiff is entitled to general, special and/or punitive damages.

44.     Answering paragraph number 44 of plaintiff's Complaint (under the header "Parties"), defendant does not presently have sufficient knowledge, information, or belief to enable defendant to answer the allegations contained within such paragraph, as stated, and on those grounds denies generally and specifically each and every of the allegations contained therein.  Defendant denies all liability and/or wrongdoing.

45.     Answering plaintiff's Prayer for Relief, defendant denies all liability to

- 9 -

plaintiff, including but not limited to all liability for any damages (general, special, exemplary or otherwise), penalties, fees, or costs of any kind, or for any relief of any kind from any of the defendant to plaintiff.

46.    To the extent plaintiff asserts any other claims or contentions not specifically addressed herein above, defendant generally and specifically denies each and every of the remaining allegations and/or claims.

## AFFIRMATIVE DEFENSES

47.    As separate and affirmative defenses, defendant alleges as follows[1]:

## FIRST AFFIRMATIVE DEFENSE

48.    Plaintiff's Complaint fails to state a claim upon which relief can be granted.  Plaintiff's Complaint also fails to state a claim against any defendant in this action.

49.    Plaintiff has failed to allege in this Complaint sufficient facts to state a claim for compensatory or punitive damages for any action taken by any defendant in his or her individual or official capacity.

## SECOND AFFIRMATIVE DEFENSE

50.    Plaintiff's action is time-barred by the operative statute(s) of limitations. Plaintiffs' Complaint and each purported cause of action therein is barred by the applicable statute of limitations, including, but not limited to California Code of Civil Procedure §§ 335.1, 337, 337.1, 337.15, 338(a), 338(b), 338(c), 338(d), 339, 340(3) and/or 343.

51.    Plaintiff's action is barred by laches and delay on the plaintiff's part to the prejudice of defendant.

---

[1]    For purposes of the affirmative defenses, affirmative defenses that reference "plaintiff(s)" shall also be construed to apply, wherever feasible, to plaintiff's decedent. It should be noted that some defenses listed hereunder are not true "affirmative" defenses wherein the defendant asserting such bears the burden of proof – and nothing in this Answer shall be construed as defendant assuming the burden of proof for any defenses that are not construed as affirmative defenses under the operative law.

## **THIRD AFFIRMATIVE DEFENSE**

52.    The Complaint is barred based on plaintiff's failure to exhaust administrative remedies prior to filing this lawsuit.  This action is barred by the plaintiff's failure to comply with the government tort claims presentation requirements, California Government Code § 900, *et seq*., including, but not limited to §§ 900, 900.4, 901, 905, 905.2, 910, 911, 911.2, 911.4, 945.4, 945.6, 946.6, 950.2 and 950.6, to the extent applicable.

53.    Plaintiff's recovery is barred for failure to timely comply with the provisions of the claims statutes, including, but not limited to California Government Code §§ 901, 905, 905.2, 911.2, 945.4, 945.6, 950.2.

54.    Plaintiff's recovery is barred because the factual allegations of the complaint do not correspond with the facts set forth in plaintiff's written claim.  The complaint thereby alleges a factual basis for recovery which is not fairly reflected in the written claim.

## **FOURTH AFFIRMATIVE DEFENSE**

55.    Plaintiff's claims are barred or limited by plaintiff's and/or decedent's contributory/comparative negligence or other conduct, acts, or omissions, and to the extent any plaintiff suffered any injury or damages, it was the result of plaintiff's and/or decedent's own negligent or deliberate actions or omissions.

56.    Plaintiff's recovery is barred because any injury or damage suffered by plaintiff's decedent and/or to plaintiff was caused solely by reason of the plaintiff's decedent's wrongful acts and conduct and the willful resistance to a peace officer in the discharge their duties.  The conduct set forth in the complaint, if and to the extent it occurred, was privileged and justified and done with a good faith belief that it was correct and no action may be taken against the answering defendant on account of such conduct.

## FIFTH AFFIRMATIVE DEFENSE

57.    Defendant allege that plaintiff's action is barred by reason of conduct, actions, and inactions of plaintiffs which amount to and constitute a waiver of any right plaintiff may or might have had in reference to the matters and things alleged in the Complaint, or that otherwise estop plaintiff from recovery in this action, including but not limited to the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

58.    Plaintiff's claims are barred or limited to the extent any plaintiff failed to mitigate plaintiff's injuries or damages, if there were any.  Plaintiff has failed to mitigate the damages, if any, which plaintiff has sustained, and to exercise reasonable care to avoid the consequences of harms, if any, in that, among other things, plaintiff has failed to use reasonable diligence in caring for any injuries, failed to use reasonable means to prevent aggravation of any injuries and failed to take reasonable precautions to reduce any injuries and damages.

## SEVENTH AFFIRMATIVE DEFENSE

59.    Plaintiff's recovery is barred because public entities and employees are immune from liability for any injury caused by the act or omission of another person. Gov. Code §§ 815 *et seq*., 820.2 *et seq*.

60.    The answering defendant are informed and believe and thereon alleges that if any plaintiff sustained any injury or damages, such injury or damages were solely caused or contributed to by the wrongful conduct of other defendant and/or entities or persons other than the answering defendant.  To the extent that any plaintiff's damages were so caused, any recovery by plaintiff as against the answering defendant should be subject to proportionately comparative equitable indemnity/contribution from such third parties.

## EIGHTH AFFIRMATIVE DEFENSE

61.     There is no liability for any injury or damages, if any there were, resulting from an exercise of discretion vested in a public employee, whether or not such discretion be abused. Gov. Code § 815.2, 820.2, 820.4, 820.8, 820 *et seq*.

62.     Plaintiff's recovery is barred because public entities and employees are immune from liability for discharging their mandatory duties with reasonable diligence.

63.     A public employee may not be held liable for injuries or damages, if any, caused by failure to adopt or by adoption of an enactment or by failure to enforce an enactment and/or law, for an injury caused by his issuance, denial, suspension or revocation or by his failure or refusal to issue, denies, suspend or revoke, any permit, license, certificate, approval, order, or similar authorization, where he is authorized by enactment to determine whether or not such authorization should be issued, denied, suspended or revoked, pursuant to Government Code §§ 818.2, 818.4, 818.8, 821 and 821.2.  Based thereon, each of the answering defendant is immune from liability for any injuries claimed by plaintiff, herein.

64.     This defendant is immune for any detriment resulting from any of it's actions or omissions at the time of the incident of which plaintiff complains pursuant to Government Code § 810 *et seq*., 815 *et seq*., 820 *et seq*., and 845 *et seq*., including, but not limited to, §§ 810, 810.2, 810.4, 810.6, 810.8, 811, 811.2, 811.4, 811.6, 811.8, 820.6, 820.8, 821, 821.2, 821.4, 821.6, 821.8, 822.2, 830.5, 830.6, 835.4, 844.6, and Government Code §§ 854, *et seq*., including, but not limited to, §§ 845.6, 854.6, 854.8(a)(2), and §§ 855.4, 855.6, 855.8 and 856.4.

## NINTH AFFIRMATIVE DEFENSE

65.     Defendant and it's agents or officers at all times relevant to this action acted reasonably and prudently under the circumstances.  Defendant therefore asserts the individual defendant' Qualified Immunity from liability to the fullest extent applicable.

- 13 -

66.     Defendant is immune from liability under the Federal Civil Rights Act because they acted in good faith with an honest and reasonable belief that their actions were necessary and appropriate.  Defendant is immune from liability under the Federal Civil Rights Act because a reasonable police officer could believe that their acts and conduct were appropriate.  Defendant is immune from liability under the Federal Civil Rights Act because their conduct did not violate clearly established rights.  Defendant is also immune from liability under the doctrine of Qualified Immunity.

67.     At all relevant times, defendant acted within the scope of discretion, with due care, and good faith fulfillment of responsibilities pursuant to applicable statutes, rules and regulation, within the bounds of reason, and with the good faith belief that their actions comported with all applicable federal and state laws. *Harlow v. Fitzgerald* (1982) 457 U.S. 800; Cal Gov. Code §§ 815.2 and 820.2.

## TENTH AFFIRMATIVE DEFENSE

68.     At the time and place referred to in the Complaint, and before such event, plaintiff's decedent knew, appreciated, and understood each and every risk involved in placing himself in the position which plaintiff's decedent then assumed, and willingly, knowingly, and voluntarily assumed each of such risks, including, but not limited to, the risk of suffering personal bodily injury, lawful deprivation of rights, or death.

## ELEVENTH AFFIRMATIVE DEFENSE

69.     The Complaint is barred under the doctrine of collateral estoppel (issue preclusion) or res judicata (claim preclusion).

## TWELFTH AFFIRMATIVE DEFENSE

70.     At the time of Trial, the answering defendant may elect to limit or diminish plaintiff's alleged damages of losses as provided and authorized by California Civil Code § 3333.1, California Civil Code § 3333.2 and California Code of Civil Procedure § 667.1, and the provisions of Proposition 51 as enacted into law in the State of California.

71.     In the event that the answering defendant herein is found to be liable for damages to any plaintiff, the liability, if any, for any amount of non-economic damages, if awarded, shall be reduced or limited pursuant to Civil Code § 1431.2, in direct proportion to each individual answering defendant's percentage of negligence or fault in relation to the fault of all joint tortfeasors, or other liable persons, whether joined as defendant or not; and that a separate judgment be rendered against each answering defendant for such amount.

### THIRTEENTH AFFIRMATIVE DEFENSE

72.     This defendant owed no legal duty to plaintiff and/or plaintiff's decedent, as described in plaintiff's Complaint, or otherwise.

### FOURTEENTH AFFIRMATIVE DEFENSE

73.     To the extent that any plaintiff suffered any detriment, such detriment was unavoidable.

74.     The damages or injuries complained of by plaintiff, if any, were the result of an emergency situation, not created by any fault of any defendant, and into which they suddenly and unexpectedly were placed.

75.     The answering defendant is informed and believe and thereon alleges that the damages complained of in plaintiff's Complaint, if any, resulted from an unforeseeable and superseding cause thereby barring either partially or totally plaintiff's claimed damages herein.  The answering defendant is informed and believes and thereon alleges that each and all of the purported causes of action and theories of relief asserted by plaintiff in the Complaint are barred by virtue of an independent intervening cause.

### FIFTEENTH AFFIRMATIVE DEFENSE

76.     Plaintiff's claims are barred for failure to join an indispensable party under Federal Rule of Civil Procedure 19.

## SIXTEENTH AFFIRMATIVE DEFENSE

77.     To the extent that the Complaint attempts to predicate liability upon any public entity defendant or any employee thereof for purported negligence in retention, hiring, employment, training, or supervision of any public employee, such liability is barred by Government Code sections 815.2 and 820.2 and *Herndon v. County of Marin* (1972) 25 Cal. App. 3d 933, 935, 936, *rev'd on other grounds by Sullivan v. County of Los Angeles* (1974) 12 Cal.3d 710; and by the lack of any duty running to any plaintiff; by the fact that any such purported act or omission is governed exclusively by statute and is outside the purview of any public employees' authority; and by the failure of any such acts or omissions to be the proximate or legal cause of any injury alleged in the Complaint. *See de Villers v. County of San Diego*, 156 Cal.App.4th 238, 251-253, 255-256 (2007).

## SEVENTEENTH AFFIRMATIVE DEFENSE

78.     This defendant may not be held liable on a *respondeat superior* theory for any negligent or wrongful act or omission on the part of any subordinate. Cal. Government Code §§ 844.6, 845.6; Cal. Civil Code § 2351; *Malloy v. Fong* (1951) 37 Cal.2d 356, 378-379; *Monell v. Department of Social Services of the City of New York* (1978) 436 U.S. 658; *Larez v. City of Los Angeles* (9th Cir. 1991) 946 F.2d 630, 645-646; *cf. City of Canton v. Harris*, 489 U.S. 378, 388-389 (1989); *City of Los Angeles v. Heller*, 475 U.S. 796 (1986).

## EIGHTEENTH AFFIRMATIVE DEFENSE

79.     Plaintiff may not recover punitive damages against a governmental entity, or against governmental employees acting in their official capacity, under federal or state law. Cal. Govt. Code § 818; *City of Newport v. Fact Concerts, Inc*. 453 U.S. 247, 271 (1981); *Mitchell v. Dupnik*, 75 F.3d 517, 527 (9th Cir. 1996).

80.     At no time and place mentioned in the Complaint, did defendant act with deliberate indifference or malicious intent to deprive any person of any Constitutional

or legal right or to cause any other injury and, therefore, defendant is immune from liability.

81.   Any claim for punitive damages is unconstitutional and invalid in that it violates the United States Constitution, including but not limited to the Due Process Clause of the Fifth or Fourteenth Amendments, as well as the Fifth, Sixth, Eighth, and/or Ninth Amendments.

## NINETEENTH AFFIRMATIVE DEFENSE[2]

82.   The acts complained of by plaintiff were committed in the course of making a lawful seizure, arrest, or search. In making this lawful seizure, the officers used only reasonable force.

83.   Any use of force by any individual defendant was privileged as being objectively reasonable or in lawful self-defense or defense of third parties and/or as being appropriate to overcome resistance or to redress the commission of a public offense or because peace officers had reasonable cause to believe that plaintiff's decedent had committed a public offense or that exigent circumstances existed, including but not limited to an immediate threat of death or serious bodily injury to defendant' peace officers or to others.

84.   The plaintiff's claims related to peace officers' use of force are barred because a peace officer making a detention or arrest need not retreat in the face of resistance and cannot be deemed the aggressor or lose their right to self-defense by using force.

85.   In the detention/arrest at issue, if any, plaintiff's decedent was subjected to a reasonable amount of non-deadly force for the protection of the officers or to prevent escape of the persons detained or loss of property, all pursuant to Cal. Penal Code § 490.5.

---

[2]       Defendant does not contend and defendant does not agree to accept any shifting of the burden of proof from plaintiff, who bears the burden of proving that a seizure was unlawful/unconstitutional. Defendant is not required to prove that a seizure was lawful in this civil action.

86.     Defendant denies that plaintiff has been deprived of any rights, privileges, or immunities guaranteed by the Constitution or laws of the United States or by the Constitution or laws of the State of California, and therefore defendant are immune from liability.

87.     Plaintiff has suffered no actual injury due to defendant's conduct.

## TWENTIETH AFFIRMATIVE DEFENSE

88.     Plaintiffs' claim under the Federal Civil Right Act is barred because the complaint fails to allege facts that go beyond mere tortious conduct and rise to the dignity of a civil rights violation.

## RESERVATION OF AFFIRMATIVE DEFENSES

89.     Because the Complaint is couched in vague and conclusory terms, defendant cannot fully anticipate all affirmative defenses that may be applicable to this action.  Accordingly, defendant hereby reserve the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, and/or to withdraw affirmative defenses as may be appropriate.  The assertion of any of the foregoing is not intended and shall not be construed as any stipulation regarding any shifting of the burden of proof to any defendant regarding any of plaintiff's claims, or elements thereof.

## PRAYER FOR RELIEF

WHEREFORE, the answering defendant prays as follows:

1.     That plaintiff take nothing by this action;

2.     That defendant be awarded attorneys' fees and costs of this suit and costs of proof; and

3.      That defendant be awarded such other relief as the Court deems just.

Dated: March 14, 2016                    **MANNING & KASS**
                                         **ELLROD, RAMIREZ, TRESTER LLP**


                                         By:    */s/ Angela M. Powell*_____
                                                Eugene P. Ramirez, Esq.
                                                Angela M. Powell, Esq.
                                                Lucas E. Rowe, Esq.
                                         Attorneys for Defendant,
                                         COUNTY OF RIVERSIDE

## DEMAND FOR JURY TRIAL

Defendant hereby demand a trial before a jury on all issues presented by plaintiff's operative Complaint that are or may be triable to a jury.


Dated: March 14, 2016                    **MANNING & KASS**
                                         **ELLROD, RAMIREZ, TRESTER LLP**


                                         By: /s/ Angela M. Powell_____
                                                Eugene P. Ramirez, Esq.
                                                Angela M. Powell, Esq.
                                                Lucas E. Rowe, Esq.
                                         Attorneys for Defendant,
                                         COUNTY OF RIVERSIDE